IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LCV CAPITAL MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NUOVA ARGO FINANZIARIA S.p.A., F/K/A ARGO FINANZIARIA S.p.A., DELOITTE & TOUCHE S.p.A., and COMPAGNIA ITALIANA ENERGIA S.p.A., <br><br> Defendants. | CIVIL ACTION <br><br><br> No. _____ |

**<u>DEFENDANTS' NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant NUOVA ARGO FINANZIARIA S.p.A ("NAF"), by and through its undersigned counsel, with the consent of all other served Defendants, hereby give notice of removal of this action, captioned *LCV Capital Management LLC, v Nuova Argo Finanziaria S.p.A., et. al., Case No. GD-18-013774*, Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania ("Court of Common Pleas"), to the United States District Court for the Western District of Pennsylvania. Pursuant to 28 U.S.C. § 1446(a), Defendants provide the following statement of the grounds for removal:

## BACKGROUND

1. Plaintiff LCV Capital Management, LLC ("LCV") commenced the above captioned civil action in the Court of Common Pleas by filing a complaint on October 23, 2018 (the "Complaint" or "Compl."). Plaintiffs' Complaint falsely claims that Defendants defrauded Plaintiff in connection with the sale of a business to a company owned and controlled by Plaintiff and seeks in excess of seventy five thousand dollars in damages. *See* Compl. ¶¶19-26.

2. Defendant NAF was served with a copy of the Complaint on November 20, 2018. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Defendants are attached hereto as **Exhibit A.** A copy of the state court docket is attached hereto as **Exhibit B.**

## VENUE AND JURISDICTION

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 118(a), 1441(a), and 1446(a) because the Court of Common Pleas, where the Complaint was originally filed, is a state court located within the Western District of Pennsylvania.

4. As shown below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants, (2) the amount in controversy exceeds $75,000, exclusive of interests and costs, and (3) all other requirements for removal have been satisfied.

## ARGUMENT

I. **Removal of This Action Is Proper Based on Diversity Jurisdiction**

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

6. In accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been properly served in this action join in its removal to this Court.

A. **Complete Diversity of Citizenship Exists Between Plaintiff and Defendants**

7. Plaintiff LCV is a Pennsylvania limited liability company with its principal place of business in Pittsburgh, PA. Compl. ¶ 1.

8. Defendants NAF, Compagnia Italiana Energia S.p.A ("CIE") and Deloitte and Touche S.p.A. are all companies formed under the laws of Italy with their principal places of business in Italy. Compl. ¶¶ 2, 3.

9. Because Defendants are aliens and are not citizens of Pennsylvania, complete diversity exists among the parties to this action.

B. **The Amount in Controversy Exceeds $75,000**

10. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

Where federal jurisdiction is based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). While Defendants deny that Plaintiff is entitled to any relief, monetary or otherwise, Plaintiff seeks millions of dollars in alleged, as well as punitive damages and interest. Compl. ¶ 22. This alleged amount is clearly in excess of the $75,000 threshold.

### C. This Notice of Removal is Timely Filed.

11. A defendant has thirty (30) days from the date it was formally served with an "initial pleading setting forth the claim for relief upon which such action or proceeding is based" to file a notice of removal. 28 U.S.C. § 1446(b)(l); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48, 354 (1999); *McElhone v. Beazer East, Inc.*, Civil Action No. 06-1111, 2011 U.S. Dist. LEXIS 45401, at *8 (W.D. Pa. April 27, 2011). Defendant NAF received the Complaint through service of process in Italy on November 20, 2018. Because NAF is filing this Notice of Removal on December 11, 2018, which is within thirty days of purported service, removal is timely.

### D. All Defendants, Who Have Been Properly Served in This Action Consent to it's Removal.

12. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent. Defendants NAF and Deloitte were served, and they consent to removal. CIE is represented by the undersigned counsel and, although it has not yet been served, it will also consent to removal.

### NOTICE

13. Finally, pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the Prothonotary of the Court of Common

Pleas and will serve a copy of this Notice of Removal, and its attachments, on all parties to the removed action.

## RESERVATION OF RIGHTS

14. By filing this Notice of Removal, Defendants are not waiving any defense that may be available to them, and reserve all such defenses, including, but not limited to, service of process, the sufficiency of process, jurisdiction, and venue. If any question arises as to the propriety of the removal to this Court, Defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

Dated:  December 11, 2018

                        Respectfully submitted,

                        */s/ Jeremy D. Engle*
                        Jonathan D. Marcus (PA ID 312829)
                        jmarcus@marcus-shapira.com
                        Jeremy D. Engle (PA ID 324008)
                        engle@marcus-shapira.com

                        MARCUS & SHAPIRA LLP
                        35th Floor, One Oxford Centre
                        301 Grant Street
                        Pittsburgh, PA  15219
                        Telephone: (412) 471-3490
                        Facsimile: (412) 391-8758
                        *Counsel for Nuova Argo Finanziaria S.p.A*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 11, 2018, a true and correct copy of the foregoing was electronically filed and served on the following:

*Via hand-delivery*

Prothonotary
Allegheny County Court of Common Pleas
Allegheny County Courthouse, Room 114
436 Grant Street
Pittsburgh, PA 15219


*Via U.S. Mail*

Bruce E. Stanley
Alicia Schmitt
STANLEY & SCHMITT PC
2424 Craftmont Avenue
Pittsburgh, PA 15205
*Counsel for Plaintiff LCV Capital Management, LLC*

Michael J. Dell
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
*Counsel for Deloitte & Touche S.p.A.*

                                                    */s/ Jeremy D. Engle*
                                                    Jeremy D. Engle